Mr. Justice Olin
stated the case and delivered the opinion of the court:
This case was certified to the court in general term for its opinion by the Chief-Justice, which certificate is as follows: This case came on for hearing this day, and the plaintiff, to sustain his side of the case, offered in evidence a transcript of a judgment obtained in New York, which is on file among the papers, to which the defendant, by his counsel, objected, on the ground that the service as set forth in said record was insufficient, whereupon it was agreed that a judgment be entered for the plaintiff, which was accordingly done, and the question arising on the record and the objection of the defend *20 ant reserved, and is certified to the court in general term for its opinion.
It will be seen by the certificate that the only objection made to the validity of the judgment arises from the alleged insufficiency of the service of process upon the defendant" The proof of that service, as appears from the judgment-record, is as follows:
“ City and County of New York, ss:
“ Edward H. Hunt, of said city, being duly sworn, saith that on the 4th day of March, 1870, at the hotel in the city of New York known as and commonly called the Astor House, he served on the above-named defendant the summons in this action, together with a copy of the complaint; and that such service was made by delivering to and leaving with Joseph B. Stewart, the secretary of the defendant, a copy of such summons, and a copy of said complaint annexed thereto; that deponent knew the person so served to be the secretary of the defendant; and further saith not.
“ EDWARD H. HUNT.
“ Sworn to and subscribed before me this 20th day of April, 1870.
"B. ROELKER,

“Notary Public, N. Y. City and Co.”

The complaint alleges that the plaintiff, at the special instance and request of Charles H. Stewart, who was then treasurer of said defendant, and had power and authority to borrow money for and on behalf of the defendant, loaned of plaintiff, for and on behalf of defendant, the sum of $5,000, no part of which sum had been paid.
The complaint was verified in the usual manner required by the laws of New York. The service of process in the case shown to be on the secretary of the company, the question arising is whether it is competent for the legislature of the State of New York to authorize the commencement of a suit by the service of process upon the president, secretary, or treasurer of a foreign corporation, having a place-of business or making contracts within that State. Upon this ques *21 tion I have no doubt. The only possible service of process that can be made upon a corporation is upon some member of it. Usually the law has provided that service of process upon such corporation may be made upon its president, secretary, or treasurer; and such service was made in this case, namely, upon the secretary.
It is suggested that a corporation has no existence beyond the jurisdiction of the district or State creating it. This is true in some sense, and in other respects a gross fallacy. Foreign corporations, not only those created by the several States of the Union, but corporations created by foreign governments, are allowed by the comity of States to come into this District, open an office for the transaction of business, make contracts for large amounts of money, upon which contracts they may sue for their violation in the courts of this District; and yet is it to be held that, for a violation of the contract on the part of the company, no suit can be brought here against such company, but that the local jurisdiction creating such company must be sought, in order to enforce any right that a party supposes he has against such company ? For illustration, let me instance that nearly one-third of the insurable property of this District, including houses, household furniture, and other personal property, is insured by certain incorporated companies created by the laws of the State of Connecticut. These corporations have offices and agents here who make their contracts of insurance, and for a violation of them on the part of the insured they may maintain an action; but for a violation of that contract on the part of these companies, shall it be held that the insured must resort to the courts of Connecticut to enforce the provisions of such contract ? Still worse, probably a larger amount of property in houses and other personal chattels is insured by the London and Liverpool insurance companies than is insured by any half-dozen corporations created by the several States of the Union. These British corporations may come into any court of the United States to enforce by suits at law the provisions of such contracts; they have offices and agents here who make these contracts,’ the property insured is within the United States; the contract is made here and all the circumstances attending its alleged violation occur here. *22 Shall it be said that for a violation of such a contract on the part of the company the insured must resort to a British court for redress ? If that be so, it would be well for every local jurisdiction to declare by statute every contract made by corporations outside of such District or State absolutely null and void. (See Railroad Company vs. Harris, 12 Wall., 65.)
We think that the judgment entered by the circuit court against the defendant should be affirmed with costs.
Wylie and Humphreys, JJ., dissenting.